**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 18, 2006**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-5191 |
| v. | (N.D. of Okla.) |
| ANTONIO MARTEL RANDLE, | (D.C. No. CR-05-28-CVE) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Antonio Martel Randle challenges a district court order denying his motion to suppress evidence that led to his indictment on four counts of conspiracy to manufacture and distribute crack cocaine in violation of 21 U.S.C. § 846. The evidence against him was seized pursuant to a nighttime search warrant which Randle claims was not based on probable cause.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

The district court found that the affidavit recited sufficient facts to establish probable cause and, even if it did not, the officers executing the warrant satisfied the good faith exception to the Fourth Amendment exclusionary rule. We agree and AFFIRM the district court.

## I. Background

On December 15, 2004, Tulsa Police Officer Jeff Henderson prepared an affidavit seeking a nighttime search warrant for Randle's residence in Tulsa, Oklahoma. The affidavit, which stated that Randle was a drug dealer who sold crack cocaine out of his home, was based primarily on the testimony of a confidential informant who had provided useful information on narcotics trafficking to local officers in the past. The affidavit also contained corroborative information based on the observations of surveillance officers, including Officer Henderson, during the 48-hour period before the warrant was issued.

On the basis of the information provided by the confidential informant, namely facts suggesting the possibility that the drugs would be concealed or moved to another location by day, the affidavit specifically requested nighttime execution. Based on the affidavit, a state court issued a warrant, which police executed at approximately 10:30 p.m. on December 17, 2004.

On arriving at Randle's residence, officers observed several cars parked in the driveway and knocked to announce their presence. The officers forced their way in after the occupants refused entrance. Randle and three other men were

observed standing over a stove in the kitchen. Upon seeing the police, Randle ran from the kitchen and out the back door. He was promptly apprehended and served with a copy of the search warrant.

A search of the residence produced the following evidence: (1) a plastic bag containing approximately 83.5 grams of suspected cocaine base which had been recently cooked; (2) a screwdriver and mixer with suspected cocaine base residue; (3) three boxes of baking soda; (4) scales; (5) two plastic bags of marijuana; (6) paperwork related to residency of the house in Randle's name; (7) one 9-mm handgun; (8) one 12-gauge shotgun; and (9) one 22-caliber handgun. In addition, when Randle was seized, officers found $602 in his pocket.

Randle was subsequently indicted in federal court on drug conspiracy charges. He filed a motion to suppress the evidence seized in the nighttime search, which was denied by the district court. Randle then entered a conditional guilty plea which allowed him to preserve his right to appeal "the sole issue of whether the affidavit [] contained sufficient probable cause to justify the issuance of a nighttime search warrant." R. Vol. 1, Doc 84-2 at 4.

## II. Standard of Review

When reviewing the denial of a motion to suppress, we view the evidence in the light most favorable to the government and accept the district court's findings of fact unless clearly erroneous. *United States v. Kimoana*, 383 F.3d 1215, 1220 (10th Cir. 2004). The credibility of witnesses, the weight accorded to

evidence, and the reasonable inferences drawn therefrom, are matters within the purview of the district court. *Id.* The ultimate determination of reasonableness under the Fourth Amendment, however, is a question of law that we review de novo considering the totality of the circumstances. *See id.*

### III. Discussion

Randle contends that the district court erred in denying his motion to suppress for two reasons. First, he claims that the search warrant was issued in violation of Okla. Stat. tit. 22, § 1230, which proscribes nighttime searches except under certain narrow circumstances.[1] Second, Randle challenges the government's reliance on the testimony of a confidential informant as an insufficient basis for probable cause. We address each argument in turn.

### A.

Probable cause for a search warrant exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Harris*, 369 F.3d 1157, 1165 ( 10th Cir. 2004) (quoting *United States v. Hernandez-Rodriguez*, 352 F.3d 1325, 1330 (10th Cir. 2003). Probable cause is "a

---

[1] Randle also contends that the government failed to overcome the federal presumption against nighttime service, which requires a less rigorous showing than Oklahoma state law. Fed. R. Crim. P. 41(e)(2). Since we find that the government has satisfied the more stringent state standard, it easily meets the requirement of Rule 41. In any event, the possibility that a search or seizure may have violated state law is irrelevant provided federal standards of probable cause are not offended. *United States v. Le*, 173 F.3d 1258, 1265 (10th Cir. 1999).

determination based on common sense" and, therefore, is entitled to "great deference" by a reviewing court. *United States v. Finnigin*, 113 F.3d 1182, 1185 (10th Cir. 1997). On appeal, the court's role is generally limited to determining whether the issuing magistrate judge had a "substantial basis" for finding probable cause. *Harris*, 369 F.3d at 1165. Issues relating to the weight of the evidence, credibility of witnesses, and related inferences are the province of the district court and will not be disturbed. *United States v. Avery*, 295 F.3d 1158, 1167 (10th Cir. 2002).

In addition to the general probable cause requirements outlined above, Oklahoma state law includes a presumption against nighttime service. Randle disputes the district court's conclusion that the government met its burden to show probable cause for a nighttime search in accordance with state law. Okla. Stat. tit. 22, § 1230 requires that search warrants for occupied dwellings be served only between the hours of 6 a.m. and 10 p.m., unless one of the following three conditions is satisfied: (1) the evidence is located at the premises to be searched only between 10 p.m. and 6 a.m.; (2) the search at issue is a crime scene search; or (3) the affidavits are (a) certain that the property is on the person or in the place to be searched, and (b) a judge finds there is a likelihood that the property

named in the warrant will be moved, concealed, or destroyed if nighttime service is not authorized.[2]

The affidavit underlying the warrant meets the third condition. Of particular relevance, the affidavit states that:

(1) Officer Henderson met with a reliable confidential informant within 48 hours of issuing the affidavit;

(2) the confidential informant had provided information to law enforcement agencies more than seven times in the past and all of the subjects arrested as a result were successfully charged with narcotics violations;

(3) the confidential informant said that he had been to the residence described in the affidavit and observed Randle selling cocaine there;

(4) surveillance officers saw Randle come and go from the residence;

(5) individuals who distribute drugs usually sell them after 10 p.m., because they know most warrants are served between 6 a.m. and 10 p.m.;

(6) Randle told the confidential informant that the police were unaware that he sells cocaine out of his house because he sells after 10 p.m.;

(7) Randle told the confidential informant to come to the residence after 10 p.m. to buy cocaine;

---

[2] A fourth condition, effective November 1, 2005, provides that a nighttime search would be permissible if "the search to be performed is a search for evidence relating to the illegal manufacture of methamphetamine or other controlled dangerous substance." Okla. Stat. tit. 22, § 1230. This provision was not in effect at the time Randle's residence was searched.

(8) surveillance officers observed suspicious short-term traffic to and from the residence at night;

(9) Officer Henderson was positive that illegal narcotics would be found at the residence at night.

R. Vol.1, Doc. 55-2 at 1-2.

It is obvious the affidavit satisfies both requirements of Oklahoma law: (1) it unambiguously describes the property to be seized at Randle's residence, and (2) it provides a basis for the issuing judge to find a likelihood that the property will be moved, concealed, or destroyed but for nighttime service. As to the first requirement, the affidavit plainly states that the "affiant is positive the illegal narcotics, cocaine base [sic] will be found during the hours of 10 p.m. to 6 a.m." R. Vol.1, Doc. 55-2 at 2. It lays out numerous corroborating facts, including detailed information from the confidential informant who personally witnessed Randle selling cocaine from the residence in question.

As to the second requirement, the warrant concluded that the evidence "might be moved, concealed or destroyed" absent a nighttime search. Randle argues the affidavit fails to support this conclusion, since it focuses heavily on the fact that cocaine was sold from his residence only at night, but fails to adduce any evidence that the drugs were removed or otherwise not accessible from the residence by day.

While it is true the affidavit never categorically states that the evidence will not be found by day, such a showing is not required by the statute. Oklahoma law only requires the issuing judge to find a "likelihood" that the evidence will be moved, concealed or destroyed. Sufficient allegations in the affidavit support this conclusion. For example, the affidavit states that Randle told the confidential informant he only sells drugs after 10 p.m. because he knows that warrants are typically executed by day. It is therefore logical to assume that Randle kept his drugs concealed during the daytime when he was not conducting business. As a result, we cannot say that the warrant was issued in violation of the statute and thus the district court's denial of the motion to suppress was not clearly erroneous.

B.

Randle's second argument is that the government has failed to establish the reliability of the confidential informant. We disagree.

To be sure, the basis of an informant's knowledge and reliability are important factors in determining whether a search is supported by probable cause. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Randle correctly points out that the probable cause determination in this case rested heavily on the information provided by the informant, but his arguments challenging the confidential informant's reliability are spurious.

An informant's credibility must be assessed based on the totality of the circumstances. *Id.* The informant in this case had provided helpful information to officers at least seven times in the past. Each time his information led to an arrest, the target was successfully charged with a narcotics violation. This case is no exception: the informant identified Randle as a cocaine dealer, stating that he had personally witnessed Randle sell drugs from his residence at night; he described to police the appearance of the cocaine with particularity, noting that it was already packaged for sale; and, most significantly, he led police to Randle's residence, where they were able to corroborate the suspicious activity he had described with their own eyes.

The totality of the circumstances thus provide support for the magistrate judge's conclusion that the confidential informant's testimony was reliable.[3]

### IV. Conclusion

For the foregoing reasons, we AFFIRM the district court.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[3] Randle also challenges the government's argument that even if the warrant lacked probable cause, the search may nevertheless be upheld under the good faith exception to the exclusionary rule. *United States v. Leon*, 468 U.S. 897 (1984) (evidence obtained under a subsequently invalidated search warrant is admissible if the officers acted in reasonable reliance that the warrant was valid). *Id.* at 913. However, as we conclude that the magistrate judge had a substantial basis for his probable cause determination and, thus, the district court's denial of the motion to suppress was not clearly erroneous, we do not reach the issue.