FILED
United States Court of Appeals
Tenth Circuit

November 1, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>v.<br><br>MARCO DEWON MURPHY,<br><br>        Defendant-Appellant. | No. 12-5035<br>(D.Ct. No. 4:06-CR-00159-GKF-1)<br>(N.D. Okla.) |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Appellant Marco Dewon Murphy appeals the district court's grant of his 18

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

U.S.C. § 3582(c)(2) motion, imposing a reduction in his offense level for a reduced sentence of sixty months for his possession of more than five grams of cocaine base with intent to distribute. Even though the district court reduced his sentence, Mr. Murphy seeks a further reduction through retroactive application of the Fair Sentencing Act of 2010, despite the fact his sentence was imposed before the Act's effective date. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Factual and Procedural Background

The following undisputed facts are contained in the record on appeal. In 2006, Mr. Murphy pled guilty to one count of possession of more than five grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. § 2, and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (2). Prior to sentencing, a federal probation officer prepared a presentence report in conjunction with the 2006 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). With respect to the drug trafficking count, the probation officer converted Mr. Murphy's possession of 249.67 grams of cocaine, 39.58 grams of cocaine base, and 9.92 grams of marijuana into a marijuana equivalency, for a total of 841.53 kilograms of marijuana, resulting in a base offense level of 30. The probation officer also reduced the base offense level by

three levels for acceptance of responsibility, resulting in a total offense level of 27. Mr. Murphy's criminal history category of III, together with a total offense level of 27, resulted in a Guidelines range of eighty-seven to 108 months for his drug trafficking offense. The probation officer also noted the quantity of cocaine base at issue subjected him to a statutory minimum of sixty months imprisonment under 21 U.S.C. § 841(b)(1)(B)(iii). With respect to Mr. Murphy's conviction for possession of a firearm in furtherance of a drug trafficking crime, the probation officer applied U.S.S.G. § 2K2.4(b)–the applicable guideline for convictions under 18 U.S.C. § 924(c)(1)(A)(i)–which resulted in a sixty-month sentence, to run consecutive to his sentence for drug trafficking.

On March 12, 2007, the district court sentenced Mr. Murphy to ninety-three months imprisonment on the drug trafficking offense and sixty months imprisonment on the firearm offense, to run consecutively. Mr. Murphy did not file a direct appeal of either his convictions or sentences.

On May 1, 2007, the United States Sentencing Commission (Sentencing Commission) issued Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c) downward two levels for crack cocaine, effective November

1, 2007, and retroactive as of March 3, 2008.[1]  In October 2008, Mr. Murphy filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce his drug trafficking sentence based on Amendment 706.  In November 2008, the district court reduced Mr. Murphy's sentence for the drug trafficking offense to seventy months imprisonment after granting his motion for a two-level reduction and determining his criminal history category of III, together with a total offense level of 25, resulted in a Guidelines range of seventy to eighty-seven months.  It also noted his seventy-month sentence, together with the consecutive firearm sentence of sixty months, resulted in a total sentence of 130 months.

Two years later, Congress enacted the Fair Sentencing Act of 2010, which reduced the statutory mandatory minimum sentencing penalties for crack cocaine by significantly reducing the prior crack/powder ratio but which did not apply retroactively to defendants previously sentenced under the prior existing mandatory minimum sentencing statutes.  *See* Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010).  *See also United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010) (holding statutory reduction in mandatory minimum penalty based on new ratio is not retroactive), *cert. denied*, 131 S. Ct. 1790 (2011).  The Act also directed the Sentencing Commission to revise the Guidelines to reflect a change

_____

[1]  *See* U.S.S.G. App. C, Amend. 706 (Reason for Amend.), Amends. 712 and 713 (2010 Supp.); U.S.S.G. § 1B1.10(a)(2).

in the crack/powder ratio. *See* Pub. L. No. 111-220, 124 Stat. 2372, 2374. Based on that directive, the Commission again reduced the Drug Quantity Table offense levels for crack cocaine through Amendment 750 to the Guidelines, and, in another amendment, gave the reduction retroactive effect by amending Guidelines § 1B1.10(c), which allows district courts to retroactively reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) for certain expressly-cited amendments.[2]

In January 2012, Mr. Murphy filed a second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of Amendment 750 and the resulting revised Drug Quantity Table. He argued the quantity of crack cocaine attributable to him should result in a two-level reduction of his offense level under the revised Drug Quantity Table for a revised sentencing range of fifty-seven to seventy-one months. For the purpose of preserving an argument on appeal that his sentence should be further reduced, Mr. Murphy also claimed the Fair Sentencing Act should apply retroactively to his sentence for the purpose of reducing the statutory mandatory minimum penalty of sixty months imprisonment

---

[2] *See* U.S.S.G. Amendments 748, 750, and 759, which amended U.S.S.G. §§ 1B1.10 and 2D1.1 and provided retroactive application of the lower crack cocaine drug offense levels when proceeding under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. App. C, Amends. 748, 750, and 759 (2011 Supp.). *See also* Sentencing Commission's Sentencing Guidelines Notice, 76 FR 41332-01, 2011 WL 2689212, at *1 (July 13, 2011).

under 21 U.S.C. § 841(b)(1)(B)(iii).  However, in making this argument, Mr. Murphy acknowledged this court, in *Lewis,* held the Fair Sentencing Act is not retroactive.

The government did not oppose Mr. Murphy's motion to reduce his drug trafficking offense level two levels under the newly-revised Drug Quantity Table. However, it explained Mr. Murphy's amended Guidelines range must be sixty to seventy-one months imprisonment based on the pre-existing statutory mandatory minimum of sixty months imprisonment for his drug trafficking offense under 21 U.S.C. § 841(b)(1)(B)(iii).  Accordingly, the district court granted Mr. Murphy's § 3582(c) motion and modified his sentence from seventy months imprisonment to sixty months imprisonment, which, together with his consecutive firearm sentence of sixty months, resulted in a total sentence of 120 months.

## II.  Discussion

Mr. Murphy now appeals based on the issue of whether the Fair Sentencing Act of 2010 retroactively applies for the purpose of reducing his drug trafficking sentence below the sixty-month statutory mandatory minimum in 21 U.S.C. § 841(b)(1)(B)(iii).  In arguing the filing date of his 18 U.S.C. § 3582(c)(2) motion should control for the purpose of retroactive application of the Act, Mr. Murphy relies on the Supreme Court's decision in *Dorsey v. United States*, ___

U.S.___, 132 S. Ct. 2321, 2331 (2012), which holds the Fair Sentencing Act applies retroactively to conduct occurring before the Act's effective date when the sentence is imposed after its effective date. Mr. Murphy reasons the same retroactive principle should apply to his motion for sentence modification under § 3582(c)(2) because it was filed after the Act's effective date and his sentence was subsequently reduced, thereby making his initial 2007 sentence "non-final" or "nullified" and the modified sentence a new sentence imposed after the Act's effective date.

We generally "review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). However, a district court has no discretion to depart from a statutorily mandated minimum sentence. *See United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005).

As previously explained, Mr. Murphy received the instant reduction in his sentence through Amendment 750 to the Guidelines, which changed the Drug Quantity Table and may be applied retroactively. *See Osborn*, 679 F.3d at 1194-95 n.1. However, we have repeatedly held the Fair Sentencing Act, which amends certain statutory minimum sentences, does not apply retroactively to defendants, like Mr. Murphy, sentenced before its August 3, 2010 effective date.

*See United States v. Cornelius*, ___ F.3d ___, 2012 WL 4075877, at \*15 (Sept. 18, 2012) (slip. op.); *Osborn,* 679 F.3d at 1195 n.1; *Lewis*, 625 F.3d at 1228. This is in accord with other circuit courts, which are unanimous in holding the Act does not apply to defendants sentenced prior to its effective date,[3] and consistent with the Supreme Court's decision in *Dorsey*, which stands for the limited proposition that the Fair Sentencing Act applies retroactively to offenders who committed their offenses prior to its August 3, 2010 effective date but were sentenced after that date. *See* 132 S. Ct. at 2331.

In this case, Mr. Murphy committed the drug trafficking offense in 2006 and was sentenced in 2007, long before the August 3, 2010 effective date of the Fair Sentencing Act. The fact Mr. Murphy filed his § 3582(c) motion and received a reduced sentence through that motion after the effective date of the Act does not make him eligible for a further reduction, and nothing in the Fair Sentencing Act, *Dorsey*, or our case precedent suggests otherwise. Therefore, the district court properly concluded the Act and its reduction of certain mandatory minimum sentences did not apply retroactively to his sentence. As a result, the mandatory minimum statutory sentence of sixty months for Mr. Murphy's drug trafficking offense must stand.

---

[3] *See United States v. Baptist*, 646 F.3d 1225, 1229 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1053 (2012) (citing other circuit cases).

III.  Conclusion

Accordingly, the judgment of the district court is **AFFIRMED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge