**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ANTONIO MARTEL RANDLE,

    Defendant-Appellant.

No. 12-5010

(D.C. No. 4:05-CR-00028-CVE-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO** and **BALDOCK**, Circuit Judges, and **SKAVDAHL**,[**] District Judge.

_____

Antonio Martel Randle appeals the district court's order granting in part and denying in part his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c). Mr. Randle, who was sentenced before the effective date of the Fair Sentencing Act of 2010 ("FSA"), argues the district court erred in failing to apply the FSA and its current statutory minimum sentencing scheme retroactively. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

In 2005, Mr. Randle pled guilty to one count of manufacturing with intent to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] The Honorable Scott W. Skavdahl, United States District Judge for the District of Wyoming, sitting by designation.

distribute more than 50 grams of cocaine base and one count of possessing with intent to distribute at least 50 grams of cocaine base, both in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). A pre-sentence investigation report ("PSR") prepared prior to Mr. Randle's sentencing hearing attributed 176 grams of cocaine base and 56.53 grams of cocaine powder to Mr. Randle. (R. Vol. II at 9, ¶ 22.) Under the then-applicable sentencing guidelines, Mr. Randle faced an advisory guideline range of 151 to 188 months' imprisonment. (*Id.* at 14, ¶ 49.) The PSR also noted Mr. Randle was subject to a statutory mandatory minimum term of ten years' imprisonment under the version of 21 U.S.C. § 841(b)(1)(A) applicable at the time of his offense, guilty plea and sentencing. (*Id.* at 14, ¶ 48.)

On October 6, 2005, the district court sentenced Mr. Randle to 151 months of imprisonment on both counts, with each sentence to run concurrently. (R. Vol. I at 19.) Mr. Randle's conviction was affirmed by this court on direct appeal. *United States v. Randle*, 196 F. App'x 676 (10th Cir. 2006).

On May 1, 2007, the United States Sentencing Commission ("Sentencing Commission") issued Amendment 706, effective November 1, 2007, which modified the Drug Quantity Table in United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(c) by reducing the base offense levels for the given quantities of crack cocaine by two levels. *See* U.S.S.G. App. C, Amend. 706. Under these new guidelines, the applicable guideline range for Mr. Randle was lowered from the previous imprisonment range of 151 to 188 months to 121 to 151 months. *Id.* On June 9, 2008, Mr. Randle filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and on July 21, 2008, the district

court entered an order reducing Mr. Randle's sentence to 121 months. (R. Vol. I at 22-25, 66.)

Two years later, Congress enacted the FSA, which altered the statutory mandatory minimum penalties applicable to cocaine base offenses. Most notably for Mr. Randle's purposes, the FSA raised the threshold quantity of cocaine base subject to a mandatory minimum ten-year (120-month) sentence from 50 grams to 280 grams. *See* Pub. L. No. 111-220, 124 Stat. 2372. The FSA also directed the Sentencing Commission to promulgate amendments to the Sentencing Guidelines to reflect these statutory changes. *See id.* at 2374. In response, the Sentencing Commission adopted Amendments 748 and 750 which amended 2D1.1, lowering the offense levels for specified quantities of cocaine base "in a manner proportionate to the mandatory minimums effectuated by the FSA." *United States v. Osborne*, 679 F.3d 1193, 1194 (10th Cir. 2012) (quoting *United States v. Curet*, 670 F.3d 296, 309 (1st Cir. 2012)). [1] A subsequent amendment made these changes retroactive. *See* U.S.S.G. App. C, Amend. 759.

On December 9, 2011, Mr. Randle filed a second motion for sentence reduction under 18 U.S.C. § 3582(c)(2). In this motion, he noted that the FSA increased the amount of crack cocaine required to impose a ten-year (120-month) statutory minimum sentence from 50 grams to 280 grams. Because he was sentenced based on a quantity below the new threshold (176 grams cocaine base), Mr. Randle argued he was entitled to

---

[1] Amendment 748 was a temporary emergency amendment implementing the emergency directive set forth in the FSA. *See* U.S.S.G. App. C, Amend. 748, Reason for Amendment. Amendment 750 re-promulgated the changes made in Amendment 748 as permanent. *See* U.S.S.G. App. C, Amend. 750, Reason for Amendment.

retroactive application of the statutory mandatory minimum sentences set forth in the FSA. As a result, he argued the ten-year (120-month) statutory minimum should not apply and his sentence should be reduced to within the new amended guideline range of 78 to 97 months.

In ruling on Mr. Randle's motion, the district court acknowledged that Amendment 750 reduced the applicable guideline range to 78 to 97 months' imprisonment. However, the court went on to observe that Mr. Randle stood convicted of crimes carrying a statutory mandatory minimum sentence of 120 months' imprisonment. Although the district court did not squarely address Mr. Randle's position that the FSA should be applied retroactively, it tacitly rejected any such argument concluding "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." (Vol. I at 89-90) (citing U.S.S.G. § 5G1.1(b)). Accordingly, the district court granted Mr. Randle's motion but limited the relief to a one-month adjustment of his sentence down to the statutory mandatory minimum 120 months.

## II.

Mr. Randle now appeals, arguing the Fair Sentencing Act of 2010 retroactively applies for the purpose of reducing his sentence below the 120-month statutory mandatory minimum. In making this argument, Mr. Randle relies upon the Supreme Court's decision in *Dorsey v. United States*, --- U.S. ---, 132 S.Ct. 2321 (2012), which held "that the more lenient penalty provisions of the FSA should apply 'to offenders who

committed a crack cocaine crime before August 3, 2010 [i.e., the date the FSA took effect], but were not sentenced until after August 3.'" *United States v. Cornelius*, 696 F.3d 1307, 1328 (10th Cir. 2012) (quoting *Dorsey*, 132 S.Ct. at 2326). Mr. Randle argues this same principle applies to his motion under 18 U.S.C. § 3582(c) because the motion was filed after the FSA's effective date and resulted in a sentence reduction. Because a sentence modification "withdraws" the prior sentence and imposes a "new sentence," Mr. Randle argues *Dorsey* applies and compels the conclusion that the FSA establishes the applicable punishment range. (Applt. Reply Br. at 1.)

We review a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c) for abuse of discretion. *Osborne*, 679 F.3d at 1195. However, a district court has no discretion to depart from a statutorily mandated minimum sentence. *United States v. Peyton*, 405 F.3d 1168, 1173 (10th Cir. 2005).

The precise argument now made by Mr. Randle was rejected by another panel of this court in an unpublished decision issued five days before oral argument was held in this matter. *See United States v. Murphy*, 2012 WL 5359297, *2-3 (10th Cir. November 1, 2012) (unpublished). And in earlier decisions, this court consistently held the Fair Sentencing Act does not apply retroactively to defendants sentenced before its August 3, 2010 effective date. *See, e.g., Osborn*, 679 F.3d at 1195, n.1; *Cornelius*, 696 F.3d at 1328. Furthermore, this same conclusion has been reached by every other circuit court to address it. *See United States v. Baptist*, 646 F.3d 1225, 1229 (10th Cir. 2011), *cert. denied*, 132 S.Ct. 1053 (2012) (collecting cases); *United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012).

Mr. Randle committed the drug trafficking offenses at issue in 2004 and he was sentenced in 2005, long before the Fair Sentencing Act's revised statutory minimum sentences went into effect. His argument for retroactive application of the FSA's statutory minimum sentencing scheme is contrary to controlling case law. Because the district court properly sentenced Mr. Randle to the mandatory minimum statutory sentence of 120 months, his sentence must stand.

III.

Accordingly, the judgment of the district court is **AFFIRMED.**

Entered for the Court,

Scott W. Skavdahl
United States District Judge