**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 25, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RAYNE ALISA OSBORN,

      Defendant-Appellant.

No. 11-6328

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 5:06-CR-00207-HE-1)**

---

Submitted on the briefs:[*]

Susan M. Otto, Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

Sanford C. Coats, United States Attorney, and Debra W. Paull, Assistant United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

---

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

**BRISCOE**, Chief Judge.

_____

Defendant-appellant Rayne Alisa Osborn appeals from the district court's order denying her a reduction of her criminal sentence under 18 U.S.C. § 3582(c)(2). Osborn argues that the district court abused its discretion in declining to apply an ameliorative amendment to the United States Sentencing Guidelines to reduce her term of incarceration. We have jurisdiction to review the district court's denial under 28 U.S.C. § 1291. See United States v. Trujeque, 100 F.3d 869, 870-71 (10th Cir. 1996). We affirm.

I.

In February 2007, Osborn was convicted after pleading guilty to one count of distributing five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). ROA, Vol. 1, at 22. The sentencing court imposed a 108-month term of incarceration to be followed by four years of supervised release. Id. at 23-24. This sentence was at the low end of the guideline range of 108 to 135 months' imprisonment. Id., Vol. 2, at 13.

In May 2008, Osborn sought and obtained a reduction of her sentence based on an ameliorative amendment to the Guidelines, Amendment 706, which made her eligible for a two-level reduction in her offense level. See U.S.S.G. app. C, amend. 706 (effective Nov. 1, 2007). Osborn, the government, and the probation officer agreed that the amended guideline range was 87 to 108 months. ROA, Vol. 1, at 42. In granting Osborn partial relief, the court concluded "based on the Guidelines amendment, the parties' positions, and [Osborn's] post-incarceration conduct, that modification of defendant's

2

term of imprisonment is appropriate." Id. at 44.  The court declined to reduce Osborn's

sentence to the low end of the amended guideline range because of the nature of the

offense—namely, Osborn "engaged in an ongoing series of drug transactions

accompanied by, or facilitated by, trafficking in firearms."  Id.  The court reduced

Osborn's sentence to 96 months.  Id. at 42-44.

In October 2011, Osborn and the government jointly moved for an additional

reduction in the motion underlying this appeal.  See id. at 51-53.  The parties agreed that a

new ameliorative amendment to the Guidelines, Amendment 750, applied to Osborn's

conviction.  Id. at 51.  The United States Sentencing Commission promulgated that

amendment to effectuate the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 11-220, 124

Stat. 2372.  The amendment altered the drug-quantity tables in the Guidelines,

"increasing the required quantity to be subject to each base offense level in a manner

proportionate to the statutory change to the mandatory minimums effectuated by the

FSA."  United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012); see also U.S.S.G. app.

C, amend. 750 (effective Nov. 1, 2011).  A subsequent amendment made Amendment

750 retroactive, permitting defendants like Osborn to move for sentence reductions under

18 U.S.C. § 3582(c)(2).[1]  See U.S.S.G. app. C, amend. 759 (effective Nov. 1, 2011).

_____

[1] A few months after the FSA became law, we observed that the FSA does not
apply retroactively to individuals who were sentenced before it went into effect.  United
States v. Lewis, 625 F.3d 1224, 1228 (10th Cir. 2010).  We now reaffirm this view, which
is in accord with that of other circuits.  See, e.g., United States v. Curet, 670 F.3d 296,
309 (1st Cir. 2012) ("Here, Curet's sentencing took place before the FSA became
effective, and so the FSA does not apply."); United States v. Orr, 636 F.3d 944, (8th Cir.)
(continued...)

3

According to the joint motion, Amendment 750's modifications to the drug-quantity tables reduced Osborn's base offense level to 26.  ROA, Vol. 1, at 52.  After accounting for level adjustments, her amended total offense level was 25, which corresponds to a guideline range of 57 to 71 months' incarceration.  Id.  But because Osborn's offense carried a mandatory minimum sentence of five years that was unaffected by the FSA, the parties explained that "the effective advisory guideline range is 60 to 71 months' incarceration."  Id. at 53.  The parties attached a report prepared by the probation office that reached the same conclusion.  Id. at 55-57.  The report indicated that Osborn had been cited for two disciplinary infractions while incarcerated for this offense.  Id. at 56.  The report concluded that, "[a]s of October 12, 2011, [Osborn] has served approximately 61 months.  Should the Court sentence her to the guideline sentence of 60 months, she

_____

[1](...continued)
("Congress expressed no desire in the FSA that the law be applied retroactively, and consequently the federal Savings Statute clearly forecloses Orr's argument for retroactive application."), cert. denied, 132 S. Ct. 758 (2011); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010) ("[T]he Fair Sentencing Act of 2010, contains no express statement that it is retroactive nor can we infer any such express intent from its plain language."), cert. denied, 131 S. Ct. 1706 (2011).

The FSA amended certain statutory minimum sentences, while Amendment 750 amended the Guidelines to lower certain base offense levels.  The FSA only applies to defendants sentenced after August 3, 2010.  See Pub. L. No. 11-220, 124 Stat. 2372 (2010).  On the other hand, it is clear that Amendment 750 may be applied retroactively.  However, in many cases, the operation of the statutory minimum sentence will preclude a sentence reduction under 18 U.S.C. § 3582(c)(2).  See U.S.S.G. § 1B1.10, cmt. n.1 (2011) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) . . . [if] an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).").

would be eligible for immediate release." Id. at 57.

The district court denied the motion. The court concluded that "no further reduction in sentence is appropriate" in light of its earlier reduction, "both the positive and limiting factors" it previously considered, and a reevaluation of the 18 U.S.C. § 3553 factors. Id. at 136. The court explained that because the Guidelines "were advisory at the time [Osborn] was originally sentenced[,] . . . a reduction in the [G]uidelines does not force the conclusion that the court's original assessment of the § 3553 factors was in error or that some reduction, proportionate or otherwise, is now necessary." Id. at 135-36.

Osborn filed this timely appeal.

## II.

Osborn contends the district court erred in denying her relief "based on historical factors used to justify the initial sentence and the [earlier] partial reduction of that sentence." Aplt. Br. at 8 (all capital letters in original). In her view, "the district court's reasoning reveals a misconstruction of the fundamental issue of law and erroneous conclusions regarding the significance of critical facts." Id. at 9.

We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2). United States v. Sharkey, 543 F.3d 1236, 1238 (10th Cir. 2008); United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996).

Once a sentence is imposed, a district court has the authority to modify the sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

5

Commission[,] . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement provides that "the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)" if a reduction is consistent with the policy statement. U.S.S.G. § 1B1.10(a)(1) (2011) (emphasis added). The application notes to the policy statement give shape to the court's discretion. The court "shall consider" the factors in § 3553 and the nature and seriousness of any threat to public safety in determining whether a reduction is warranted. Id. § 1B1.10, cmt. n.1(B). Additionally, the court "may consider" the defendant's post-sentencing conduct. Id.

We have no trouble concluding that Osborn was eligible for a sentence reduction under § 3582(c)(2). Amendment 750 to the Guidelines, which applies retroactively, lowered the base offense level for Osborn's offense of conviction. As a covered amendment listed in § 1B1.10(c) of the Guidelines, Amendment 750 made Osborn eligible for a reduced term of imprisonment. But an ameliorative amendment to the Guidelines in no way creates a right to sentence reduction. See United States v. Telman, 28 F.3d 94, 95 (10th Cir. 1994) ("[I]t is apparent from the language of § 1B1.10(a)—i.e., 'may consider'—that a reduction is not mandatory but is instead committed to the sound discretion of the trial court."). "The retroactive application of a change in the offense level of the Sentencing Guidelines is not required by § 1B1.10(a), but rather falls within the district court's discretion." Dorrough, 84 F.3d at 1311.

6

Osborn argues that the district court misapplied the law when it relied on certain "historical factors" used in the initial sentence computation. But the nature and circumstances of the underlying offense are eminently proper considerations in a motion under § 3582(c)(2). The district court is to consider "the factors set forth in section 3553(a)" in determining whether to reduce a sentence. 18 U.S.C. § 3582(c)(2). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Id. § 3553(a)(1), (a)(2)(C). Especially because this was Osborn's second motion for sentence reduction, it was reasonable for the court to rely on its earlier findings based on the § 3553(a) factors. The seriousness of the offense, given the involvement of firearms on multiple occasions, is a proper basis for denying a motion under § 3582(c)(2). So too is the presence of prison disciplinary reports on Osborn's record. See U.S.S.G. § 1B1.10, cmt. n.1(B)(iii) (2011) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining . . . whether a reduction in the defendant's term of imprisonment is warranted . . . ."). The court acted well within its discretion in denying the joint motion for sentence reduction.

III.

The decision of the district court is AFFIRMED.