**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 16, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

CAMERON TAEVON JONES,

  Defendant - Appellant.

No. 12-6050

(W.D. Okla.)

(D.C. No. 5:07-CR-00294-F-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Cameron Taevon Jones appeals the denial of his motion under 18 U.S.C. § 3582(c) to reduce his sentence on the basis of a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

retroactive amendment to the United States Sentencing Commission, <u>Guidelines</u> <u>Manual</u> ("USSG"). Finding no abuse of discretion in the district court's denial of the motion, we affirm.

## BACKGROUND

On July 10, 2007, Oklahoma City police officers were patrolling an area known for increased drug activity and gang-related violence. While riding in an unmarked police vehicle, police officers saw a group of individuals, wearing gang colors, walking in the area. The officers stopped to make contact with the group. When they did so, an individual (who turned out to be defendant Jones) threw what appeared to be a wad of papers onto the ground and ran away. The officers later determined that the discarded item was $257.00 in cash. While running away, Jones discarded a baggie later determined to contain 29.6 grams of crack cocaine.

After a brief chase, Jones was arrested. Police personnel subsequently determined that Jones was on supervised release following his release from prison for a 1998 conviction for armed robbery.

Jones pled guilty in January 2008 to possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). In preparation for sentencing under the Guidelines, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated Jones's total offense level as 23 which, with

a criminal history category of III, resulted in a Guidelines sentencing range of fifty-seven to seventy-one months. There was, however, an applicable sixty-month statutory mandatory minimum sentence. Jones was thereafter sentenced to seventy-one months' imprisonment, to be served consecutively to a twenty-four-month sentence imposed for violating the conditions of his supervised release by committing the instant offense.

In 2010, the Fair Sentencing Act of 2010 ("FSA") reduced the penalty disparity between crack cocaine and powder cocaine from a 100:1 ratio to an 18:1 ratio. See Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The FSA also directed the Sentencing Commission to revise the Guidelines to reflect the change in the crack/powder ratios. Accordingly, the Commission promulgated Amendment 750, which altered the drug-quantity tables in the Guidelines, "'increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA.'" United States v. Osborn, 679 F.3d 1193, 1194 (10th Cir. 2012) (quoting United States v. Curet, 670 F.3d 296, 309 (1st Cir. 2012)); see also USSG app. C, amend. 750 (effective Nov. 1, 2011). A subsequent amendment made Amendment 750 retroactive, permitting defendants like Jones to move for sentence reductions under 18 U.S.C. § 3582(c)(2). See USSG app. C, amend. 759 (effective Nov. 1, 2011). Osborn, 679 F.3d at 1194.

Accordingly, in 2011, the Probation Office advised the district court that Jones was eligible for relief under 18 U.S.C. § 3582(c)(2) because of the retroactive application of Amendment 750 to the crack cocaine guideline. If granted, this would have the effect of reducing the applicable Guidelines range from fifty-one to seventy-one months to forty-six to fifty-seven months. Nonetheless, because the new Guidelines range was below the statutory mandatory minimum of sixty months, Jones was not eligible for a sentence below the sixty-month mandatory minimum.

Jones then filed a motion seeking a reduction in his sentence. The government did not oppose the motion. The district court responded with an order, which recited the procedural history of this case, including Jones's earlier conviction for armed robbery and his prompt return to criminal activity (some seven months after being released from prison on the armed robbery conviction) while on supervised release. This led to both the revocation of his supervised release and imposition of a new sentence on that basis, as well as the imposition of the instant sentence for cocaine possession.

The court then directed the government to address how a reduction in Jones's sentence would be both consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and serve the public interest. The government responded to this direction as follows:

The government counsel's decision not to oppose the defendant's Motion [for reduction of sentence] was not made with specific reference to § 3553 but was instead guided by two other factors. First, there was no legal basis on which to object to the Motion. Second, the defendant's Motion did not appear to minimize or leave unaddressed any § 3553 factors that warranted an objection or comment from the government. The remaining issues – whether to grant relief under § 3582 at all, and if so, to what extent – were viewed by the government as being matters exclusively within the Court's considerable sentencing discretion.

Resp. to Order at 2, R. Vol. 1 at 28. The government then stated that Jones was not "entitled to the Court's consideration of his request for a sentence reduction," after noting that Jones had been "convicted of a violent robbery less than a month after his 18th birthday," and that he "managed to complete only 7 months of his three-year term of supervised release before committing a serious drug offense." Id. at 2-3.

Jones also filed a response to the district court's order, in which he argued that a sixty-month sentence would "adequately deter him from criminal conduct." Supp. to Mot. at 3, R. Vol. 1 at 32. He pointed out that while his "prior institutional adjustment was poor . . . [with] numerous infractions," his current term of incarceration was "much better," that he has been involved in programs and that he has "skills and a goal when released." Id. at 3-4. Jones opined that "his own will and the supervision by the United States Probation Office will provide sufficient protection to the public from further crimes by him." Id. at 4-5.

In denying Jones's motion to reduce his sentence, the district court noted Jones's improved behavior during his second period of incarceration, as well as his engagement in "numerous potentially beneficial educational opportunities." Order at 3, R. Vol. 1 at 37. After noting that the government's submissions were "conspicuously silent as to how a reduction in the defendant's sentence would be 'otherwise in the public interest,'" the court ruled as follows:

> The court has . . . carefully considered the § 3553(a) factors, as applied to the circumstances now before the court. Although some aspects of the defendant's record during his current term of incarceration suggest that he is on a favorable trajectory, and although there may be reason to hope that the defendant will, with the aid of post-release supervision, redirect his life in a positive, constructive direction after he is released from his current incarceration, the court, after careful consideration, is unpersuaded that application of the § 3553(a) factors favors reduction of the defendant's sentence. The defendant's history of violence and otherwise serious criminal conduct, as described above, speaks for itself. The single most predominant sentencing factor in this instance is incapacitation. The defendant's first attempt to redirect his life while on supervised release ended with his commission of another very serious federal crime a few months after he was released. Notwithstanding the defendant's assurances, . . . the court is unable to conclude, with a sufficient confidence level, that the result will be different the next time. For that reason, although the court is impressed with some aspects of the showing which has been made by the defendant, and although the court assuredly does not leap to this conclusion, the court has concluded that the public interest is not served by shortening the period of time before which the defendant is once again released into society.

Id. at 4-5. This appeal followed.

## DISCUSSION

"We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." Osborn, 679 F.3d at 1195. Under § 3582(c)(2), a district court has the authority to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statement provides that "'the court *may* reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)' if a reduction is consistent with the policy statement." Osborn, 679 F.3d at 1195 (quoting USSG § 1B1.10(1)) (emphasis in original).

As we noted in Osborn, the "application notes to the policy statement give shape to the court's discretion" and state that the court "'shall consider' the factors in § 3553 and the nature and seriousness of any threat to public safety in determining whether a reduction is warranted." Id. (quoting USSG § 1B1.10, cmt. n. 1(B)). The court also "may consider" the defendant's post-sentencing conduct. Id. (quoting USSG § 1B1.10, cmt. n. 1(B)).

While both parties agree, as did the district court and as do we, that Jones was *eligible* for a sentence reduction, we explicitly stated in Osborn that "an

-7-

ameliorative amendment to the Guidelines in no way creates a *right* to a sentence reduction." Id. at 1196. Rather, any such reduction "falls within the district court's discretion." Id. (quoting United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir. 1996)).

Jones argues that the district court erred, and abused its discretion, in denying a sentence reduction in reliance "on the facts that merited a sentence first." Appellant's Br. at 7. We faced and rejected this identical argument in Osborn. As we stated there, "the nature and circumstances of the underlying offense are eminently proper considerations in a motion under § 3582(c)(2)." Osborn, 679 F.3d at 1196. And while Jones presented evidence of improvements in his behavior post-sentencing, the district court considered that evidence but concluded that it did not support a sentence reduction.

In short, we conclude that the district court acted "well within its discretion" in denying Jones's motion to reduce his sentence. Id. We accordingly affirm its denial.

## CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Jones's motion.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-8-