FILED
United States Court of Appeals
Tenth Circuit

July 31, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

AARON LAMAINE BARNETT,

      Defendant-Appellant.

No. 12-6006
(D.C. No. 5:10-CR-00082-F-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **HOLLOWAY**, and **MATHESON**, Circuit Judges.

---

Aaron Lamaine Barnett, a federal prisoner proceeding pro se, appeals the

district court's denial of his motion filed pursuant to 18 U.S.C. § 3582(c)(2) to

modify his sentence based on the Fair Sentencing Act and Amendment 750 to

the United States Sentencing Guidelines (USSG). We have jurisdiction under

28 U.S.C. § 1291, and we construe Mr. Barnett's filings liberally because he is

proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We find the district court did not abuse its discretion in denying the § 3582(c)(2) motion. The district court's order denying Mr. Barnett's § 3582(c)(2) motion is AFFIRMED. We GRANT the motion for leave to proceed in forma pauperis.[1]

## BACKGROUND

Mr. Barnett pleaded guilty in June 2010 to possession with intent to distribute 7.82 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Under the advisory sentencing guidelines then in effect, Mr. Barnett was determined to have a total offense level of 27 and a criminal history category of III, resulting in a guideline sentencing range of 87 to 108 months, subject to a mandatory minimum sentence of 60 months.

After Mr. Barnett pleaded guilty but before he was sentenced, Congress passed the Fair Sentencing Act of 2010, 124 Stat. 2372 (2010) (the FSA), which substantially reduced the disparity between crack and powder cocaine sentences. *See Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). The FSA went into effect in August 2010, and, as relevant here, it increased the amount of crack cocaine necessary to trigger a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)

[1]    In light of the Supreme Court's recent decision in *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012), which added to the complexity of this case, we grant Mr. Barnett's motion to proceed in forma pauperis (IFP) on appeal. *See generally Rolland v. Primesource Staffing*, *L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) (clarifying that court of appeals may grant IFP under Fed. R. App. P. 24 even when, as here, district court certified appeal was not taken in good faith under 28 U.S.C. § 1915(a)(3)), *aff'd*, 257 F. App'x 68 (10th Cir. 2007).

from five grams to twenty-eight grams. *See id*. at 2329. The FSA authorized the United States Sentencing Commission to amend the sentencing guidelines to conform with the FSA, which the Commission did effective November 1, 2010 (Amendment 750). *See id*.; *see also United States v. Osborn*, 679 F.3d 1193, 1194-95 (10th Cir. 2012). Amendment 750 revised the guidelines drug quantity tables, reducing the base offense levels for various quantities of crack cocaine, in accordance with the FSA. *Osborn*, 679 F.3d at 1194. The Commission later made Amendment 750 retroactive effective November 1, 2011. *Id*. at 1194-95.

Mr. Barnett's presentence report (PSR) was revised to recalculate his base offense level under the amended drug quantity tables. The PSR calculated that Mr. Barnett's new guideline range was now 57 to 71 months' imprisonment, but it concluded that Mr. Barnett was still subject to the pre-FSA 60-month mandatory minimum. At Mr. Barnett's sentencing in February 2011, the district court rejected his argument that the FSA's new, more-lenient, mandatory-minimum triggers should be applied to him retroactively.[2] The district court adopted the revised PSR and sentenced Mr. Barnett to 60 months' imprisonment.

Mr. Barnett then filed a pro se motion in district court seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) asserting that he should have been

---

[2]    At the time Mr. Barnett was sentenced, this court had ruled that the statutory provisions of the FSA, including the increase in the threshold quantity of crack cocaine required to trigger a mandatory minimum sentence, were not retroactively applicable. *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *overruled in part by Dorsey*, 132 S. Ct. at 2326, 2335.

sentenced under the FSA and Amendment 750. Mr. Barnett did not file a direct appeal or a 28 U.S.C. § 2255 petition. The district court denied his motion for sentence reduction on the grounds that adoption of the amended sentencing guidelines did not reduce Mr. Barnett's guideline range, and accordingly concluded that 18 U.S.C. § 3582(c)(2) did not authorize reduction of the 60-month incarceration term already imposed.

### DISCUSSION

Mr. Barnett argues on appeal that the new mandatory-minimum provisions in the FSA should have been applied to him retroactively, that doing so would result in him not being subject to any mandatory minimum, and, therefore, that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2)." *Osborn*, 679 F.3d at 1195.

Under § 3582(c)(2), a district court may, in its discretion, reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

We note at the outset that the Supreme Court recently held—while this case was pending—that the FSA does apply retroactively to all offenders who, like

- 4 -

Mr. Barnett, committed their offense prior to the August 3, 2010, effective date of the FSA but were sentenced after that date. *Dorsey*, 132 S. Ct. at 2326, 2335. Thus, under the FSA and *Dorsey*, Mr. Barnett "was not subject to a mandatory minimum at all, for [7.82] grams of crack is less than the 28 grams that triggers the [FSA's] new mandatory minimum provisions." *Id*. at 2330. We hold, however, that the district court did not abuse its discretion in denying his § 3582(c)(2) motion.

The government argued in its brief, filed before *Dorsey* [*v. United States*, 567 U.S. ---, 132 S. Ct. 2321 (2012)], that Mr. Barnett is not entitled to a sentence reduction under § 3582(c)(2) because the district court applied the new Amendment 750 guideline range in sentencing him and, thus, his sentencing range has not subsequently been lowered. But when the district court sentenced Mr. Barnett to the pre-FSA mandatory minimum, that statutorily-imposed minimum 60-month sentence meant that Mr. Barnett's guidelines range was 60 to 71 months, rather than the range of 57 to 71 months that would have applied in the absence of the statutory minimum. U.S.S.G. § 5G1.1(c). Thus, the 57- to 71-month range was not the guideline range on which Mr. Barnett's sentence was based, but rather, he was sentenced pursuant to a guidelines range of 60 to 71 months, which was based on the pre-FSA 60-month statutory minimum. *See* R., Vol. II (Presentence Report), at 19 ¶ 96 ("Due to the statutory minimum sentence, however, the guideline range is 60 to 71 months."). We therefore assume, without deciding, that Mr. Barnett was eligible for a sentence reduction under § 3582(c)(2).

"But an ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *Osborn*, 679 F.3d at 1196. The district court gave two reasons for denying Mr. Barnett's § 3582(c)(2) motion, the first being this court's now-overruled precedent that the FSA did not apply retroactively to pre-FSA offenses. But the district court also ruled that even if the FSA's new mandatory minimum provisions did retroactively apply to Mr. Barnett, it would not sentence Mr. Barnett to less than 60 months:

> Lest it be thought, however, that if authorized, the court would impose a sentence shorter than 60 months, the court assures Mr. Barnett that it would not, in any event do so. Taking into account [his] offense conduct, his relevant criminal history, and his murderous criminal history, the court concludes that, aside from all considerations with respect to the statutory minimum, a 60 month sentence is, all things considered, minimal punishment for Mr. Barnett's track record of selling poison into the community.

R., Vol. I, Doc. 101, at 3.

As noted, a § 3582(c)(2) reduction must be consistent with the policy statement, U.S.S.G. § 1B1.10(a)(1). The application notes state that the court "shall consider" the factors in 18 U.S.C. § 3553 and the nature and seriousness of any threat to public safety in determining whether a reduction is warranted. *Id*. § 1B1.10, cmt. n.1(B). Among the factors to be considered under § 3553(a) are the character of the offense and the defendant's history; the need for the sentence to protect the public, afford deterrence, and reflect the seriousness of the offense; and the applicable sentencing range. The district court expressly considered these factors in

- 6 -

denying Mr. Barnett's § 3582(c)(2) motion, and we conclude that it acted within its discretion in doing so.

Accordingly, the judgment of the district court is AFFIRMED. The motion to proceed IFP is GRANTED.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge