**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN LEE JOHNSON,

Defendant-Appellant.

No. 12-6026
(D.C. No. 5:94-CR-00064-C-7)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Defendant-Appellant Kevin Lee Johnson appeals pro se from the denial of his

motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). We affirm.

I.

On August 31, 1994, Mr. Johnson was convicted of four drug-related counts:

one count of conspiracy to distribute cocaine powder and/or cocaine base in violation

of 21 U.S.C. §§ 841(a) and 846; one count of aiding and abetting interstate travel in

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violation of 18 U.S.C. §§ 2 and 1952(a)(3); one count of using a wire transfer to facilitate the distribution of cocaine powder and/or cocaine base in violation of 21 U.S.C. § 843(b); and one count of aiding and abetting the use of a wire transfer to facilitate the distribution of cocaine powder and/or cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 843(b).

At sentencing, Mr. Johnson was held accountable for 6.995 kilograms of crack cocaine. Based on that weight, Mr. Johnson's base offense level was thirty-eight, increased two levels for an obstruction of justice adjustment to a total level of forty. Mr. Johnson's criminal history category was III, resulting in a guideline range of 360 months to life. Mr. Johnson objected to the calculation of his criminal history category, arguing that his driving under suspension convictions should not count towards his criminal history. The district court overruled his objection, noting that counting the convictions is "appropriate under the guidelines." Sent. Tr. at 6.

Nevertheless, the district court chose to "depart downward to the level [Johnson] would have been [at] had those convictions not been included," *id*. at 6, based on the court's belief that "it is unjustified for three driving under suspension convictions" to increase the sentence "so much." *Id*. at 5. At the conclusion of the hearing, the district court stated again that it was "departing downward measured by using a criminal history category 1 rather than the category 3." *Id*. at 8-9. With that departure, Mr. Johnson's guideline range was 292 to 365 months, and the court imposed a 292-month sentence, at the bottom of that range.

- 2 -

On November 21, 2011, Mr. Johnson filed a § 3582(c)(2) motion for a reduction in sentence, relying on Amendment 750. That amendment sought to reduce the sentencing disparity between offenses related to powder cocaine and crack cocaine. The district court denied the § 3582(c)(2) motion[1] and Mr. Johnson's subsequent motion for reconsideration. This appeal followed.

## II.

We review a district court's decision to deny a § 3582(c)(2) motion for an abuse of discretion. *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). Section 3582(c)(2) allows a district court to reduce a defendant's sentence only if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and only if "such a reduction is consistent with applicable policy statements by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). United States Sentencing Guideline § 1B1.10, the Commission's policy statement on § 3582(c)(2) reductions, provides, in part, that with the exception of cases of substantial assistance, the district court may not reduce a sentence under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). And the policy statement's commentary defines the amended guideline range, in turn, as "the guideline range that corresponds to the [amended]

---

[1]     The district court's order also denied an earlier § 3582(c)(2) motion, which sought a reduction under Amendment 706. Mr. Johnson does not challenge that ruling on appeal.

offense level and criminal history category determined . . . before consideration of any departure . . . or any variance." U.S.S.G. § 1B1.10 cmt. 1(A) (Nov. 1, 2011).

Amendment 750 reduced the base offense level for 6.995 kilograms of crack cocaine from thirty-eight to thirty-six. U.S.S.G. § 2D1.1(c)(2). With the two-level obstruction of justice adjustment applied at Mr. Johnson's original sentencing, for a total offense level of thirty-eight, and the criminal history category of III calculated prior to the district court's departure, Mr. Johnson would have an applicable guideline range of 292 to 365 months. Mr. Johnson's original sentence was 292 months. Because a district court may not reduce a sentence under § 3582(c)(2) to a term less than the minimum of the applicable guideline range, the district court was not authorized to further reduce Mr. Johnson's sentence.

Mr. Johnson's sole argument on appeal is that the district court actually calculated a criminal history category of I, rather than departing downward from III to I, and therefore he is eligible for a reduction in his sentence. We are not persuaded by Mr. Johnson's attempt to rewrite history. The presentence investigation report calculated Mr. Johnson's criminal history at category III. *See* R. Supp. Vol. 2 at 12. At the sentencing hearing, the district court said that it was "overrul[ing]" Mr. Johnson's objection to the calculation of his criminal history category, noting that the calculation was "accurate" and "appropriate" under the guidelines. Sent. Tr. at 5-6. The court then explained that it was going to depart downward and sentence Mr. Johnson as though he had a criminal history category I. *See id*. at 6; 8-9.

Because the district court must determine Mr. Johnson's eligibility for a § 3582(c)(2) sentence reduction based on his guideline range *before* any departures were considered, the district court correctly determined that Mr. Johnson was not eligible for a sentence reduction.

III.

We affirm the district court's decision denying Mr. Johnson's § 3582(c)(2) motion to reduce his sentence. We deny Mr. Johnson's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court

David M. Ebel
Circuit Judge