**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BARRY LEE CURTIS,

Defendant - Appellant.

No. 12-5048
(D.C. No. 4:07-CR-00017-CVE-1)
(D. N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, **EBEL**, and **O'BRIEN,** Circuit Judges.

The issue in this appeal is whether the Fair Sentencing Act of 2010 (FSA) applies

retroactively to defendants who are sentenced before its enactment but later receive a

sentence modification. The answer is clearly no.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

## BACKGROUND

In 2007, Curtis pled guilty to, *inter alia*, possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1).[1] Under the then-applicable sentencing guidelines, he faced a guideline range of 70-87 months imprisonment. He was also subject to a mandatory minimum sentence of five years because his offense involved five or more grams of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2007). The district judge sentenced him to 77 months imprisonment.

On August 3, 2010, Congress enacted the FSA to reduce the sentencing disparity between crack cocaine and powder cocaine offenses. *Dorsey v. United States,* -- U.S. --, 132 S. Ct. 2321, 2326 (2012); *see also* Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372 (Aug. 3, 2010). Relevant here, it increased the amount of crack cocaine necessary to trigger a mandatory minimum five-year sentence under 21 U.S.C. § 841(b)(1)(B)(iii) from 5 grams to 28 grams. *Dorsey*, 132 S. Ct. at 2329; *see also* Fair Sentencing Act of 2010, Pub. L. No. 111–220 § 2(a), 124 Stat. 2372, 2372. It also directed the Sentencing Commission to amend the guidelines to reflect the statutory changes. *Dorsey*, 132 S. Ct. at 2329; *see also* Fair Sentencing Act of 2010, Pub. L. No. 111–220, § 8, 124 Stat. 2372, 2374. The Commission complied by amending the guidelines to lower the offense levels for specified quantities of crack cocaine. *See*

---

[1] Curtis also pled guilty to possession of a firearm in furtherance of a drug-trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), which carries a mandatory minimum 60 month sentence to run consecutive to any other term of imprisonment. This sentence was not subject to modification and is not at issue in this appeal.

*United States v. Osborn*, 679 F.3d 1193, 1194 (10th Cir. 2012). It later made these amendments retroactive effective November 1, 2011. *Id.*

Relying on these amendments, Curtis moved for a reduction of his sentence under 18 U.S.C. § 3582(c)(2). The amendments reduced his guideline range to 57-71 months. He also sought to avoid the five-year statutory minimum by seeking retroactive application of the FSA, thus allowing the judge to impose a sentence below the minimum.[2]

The judge granted Curtis's motion and reduced his sentence to 60 months. Although she did not expressly address the retroactivity of the FSA, she impliedly rejected this argument by finding the applicable guideline range to be 60-71 months imprisonment.

## DISCUSSION

In *Dorsey,* the Supreme Court held the FSA's more lenient penalties applied to defendants who committed their offenses prior to the effective date of the Act (August 3, 2012) but who were sentenced after that date. 132 S. Ct. at 2326. Relying on the reasoning of *Dorsey*, Curtis argues the FSA applies to those, like him, whose sentences were modified after August 3, 2010. "The retroactivity of a statute is a question of law we review de novo." *Valdez-Sanchez v. Gonzales*, 485 F.3d 1084, 1088 (10th Cir. 2007).

---

[2] The presentence report held Curtis responsible for 44.98 grams of crack cocaine. This amount is still significantly above the 28-gram quantity necessary to trigger the five-year mandatory minimum sentence under the FSA. Thus, Curtis relies on the amount of crack cocaine in the indictment, i.e., 5 grams or more of crack cocaine.

Curtis's argument is foreclosed by our precedent. In *United States v. Lewis*, we held the FSA's change to the quantity of crack cocaine necessary to trigger the mandatory minimum sentence does not apply retroactively to defendants who were sentenced before it went into effect. 625 F.3d 1224, 1228 (10th Cir. 2010*); see also United States v. Cornelius*, 696 F.3d 1307, 1328 (10th Cir. 2012); *Osborn*, 679 F.3d at 1195 n.1. More recently, we concluded *Dorsey* did not affect this precedent or require a different result for those whose sentences were modified after the FSA's enactment: "[T]he exception outlined in *Dorsey* is limited to sentences imposed post-FSA, and does not extend to adjudications of motions to reduce sentences entered post-FSA. The Court's holding in *Dorsey* narrowly applies to post-FSA sentencing for pre-FSA conduct." *United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013) (rejecting argument that sentence modification is a resentencing to which the FSA should apply; district court cannot modify a pre-FSA sentence to below the mandatory minimum sentence applicable at the time of sentencing). We are bound by this precedent absent en banc reconsideration or a superseding contrary decision by the Supreme Court. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge