**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

ROGELIO CAMACHO,

     Defendant - Appellant.

No. 16-2012
(D.C. No. 2:04-CR-01961-RB-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Rogelio Camacho appeals the district court's denial of his request for a sentence reduction pursuant to Sentencing Guidelines Amendment 782, which lowered the base offense levels provided in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c) by two levels for drug trafficking offenses. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we dismiss this appeal and grant Mr. Camacho's counsel's request to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.    BACKGROUND

On December 6, 2004, Mr. Camacho pled guilty to (1) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; (2) possession with intent to distribute 500 grams or more of methamphetamine and aiding and abetting; and (3) being a felon in possession of a firearm. In the Presentence Report, the United States Probation Office determined the applicable Sentencing Guidelines range to be 168 to 210 months based on a total offense level of 30 and a criminal history category of VI. On June 6, 2005, the district court sentenced Mr. Camacho to 168 months' imprisonment and five years' supervised release.

On February 6, 2015, Mr. Camacho sent a letter to the Federal Public Defender's Office asking for advice on how to request a sentence reduction pursuant to Amendment 782. The Public Defender's Office sent the letter to the Clerk of Court who filed it on the docket. In response, the government filed a motion to deny Mr. Camacho's request to reduce his sentence. Although the government agreed Mr. Camacho was eligible for a two-level sentence reduction under Amendment 782, which would result in an amended Sentencing Guidelines range of 140 to 175 months,[1] it urged the district court to exercise its discretion in applying the factors listed in 18 U.S.C. § 3553(a) to deny the reduction request based, in particular, on Mr. Camacho's post-sentencing pattern of prison misconduct. Mr. Camacho did not file a response to the government's motion.

---

[1] The government noted the amended Sentencing Guidelines range would effectively be 140 to 168 months because the court could not impose a sentence longer than the original sentence.

Liberally construing the letter as a motion to reduce Mr. Camacho's sentence pursuant to 18 U.S.C. § 3582(c)(2), the district court agreed Mr. Camacho was eligible for the requested sentencing reduction but found a reduction was not warranted under the § 3553(a) factors. In particular, the district court found (1) the nature of the offense was serious because of the amount of methamphetamine and the number of firearms involved; (2) Mr. Camacho was a key player in the drug distribution scheme; (3) Mr. Camacho's violent criminal record, including aggravated battery and unlawful carrying of a deadly weapon, constituted history and characteristics weighing against a sentence reduction; and (4) Mr. Camacho's "extensive misconduct" in prison "including assaulting prison staff, possession of dangerous weapons, threatening bodily harm, and using methamphetamine" showed that he had not changed his ways.

Mr. Camacho timely appealed the district court's denial of his sentence-reduction request, and this court granted his motion to appoint counsel. Mr. Camacho's counsel then filed a brief pursuant to *Anders v. California*, which permits counsel to "request permission to withdraw" where counsel finds the appeal "to be wholly frivolous, after a conscientious examination of it." 386 U.S. 738, 744 (1967). As required by *Anders*, counsel submitted a copy of the brief to Mr. Camacho so that he could "raise any points that he chooses." *Id.* Mr. Camacho filed an untimely response to the *Anders* brief in which he claimed that his counsel had failed to object to the Bureau of Prison's Sentry Disciplinary Report submitted by the government and did not provide the district court with certificates of completion for various courses he had completed while incarcerated. According to Mr. Camacho, "there is a reasonable probability that if Appellant's

rehabilitation efforts were presented to the District Court, the results of the proceedings would have been different."

Because after a "full examination of all the proceedings," we conclude the appeal is, in fact, wholly frivolous, we grant counsel's motion to withdraw and dismiss the appeal. *Id.*

## II.    DISCUSSION

"We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). A court "may not modify a term of imprisonment once it has been imposed except," among other enumerated circumstances, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in [U.S.S.G. § 1B1.10(d)] that lowers the applicable guideline range." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(A). Like the district court, and as undisputed by the parties, we easily conclude Mr. Camacho is eligible for a sentence reduction under § 3582(c)(2) as a result of the base-offense-level reductions provided by Amendment 782, which became effective November 1, 2014, and was made retroactive by U.S.S.G. § 1B1.10(d). *See* U.S. Sentencing Guidelines Manual supp. app. C (U.S. Sentencing Comm'n 2014).

"But an ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *Osborn*, 679 F.3d at 1196. Even if a defendant is eligible for a

4

sentencing reduction under § 3582(c)(2), such "a reduction is not mandatory but is instead committed to the sound discretion of the trial court." *United States v. Telman*, 28 F.3d 94, 96 (10th Cir. 1994). "Under the abuse of discretion standard we will not reverse a district court's decision unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996) (internal quotation marks omitted). The district court "*may reduce* the term of imprisonment" pursuant to Amendment 782 "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *see also* U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B)(i) ("Consistent with 18 U.S.C. § 3582(c)(2), the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . .").

The § 3553(a) factors include, as relevant here, "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(C). Moreover, the court "'may consider' the defendant's post-sentencing conduct" in its consideration of the § 3553(a) factors. *Osborn*, 679 F.3d at 1195 (quoting U.S.S.G. § 1B1.10 cmt. n.1(B)(iii) ("The court may consider post-sentencing conduct of the defendant that occurred after imposition of the term of

imprisonment in determining: (I) Whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . .")).

Based upon our independent review of the record, we conclude that Mr. Camacho has no meritorious grounds for appeal, despite his technical eligibility under Amendment 782. The district court duly considered the nature and circumstances of the offense, Mr. Camacho's history and characteristics, the need to protect the public, and significantly, Mr. Camacho's "extensive misconduct" during his post-conviction incarceration in applying the § 3553(a) factors. Mr. Camacho has identified no valid objection to the introduction of the Disciplinary Report, which documents the prison's disciplinary action against Mr. Camacho for fourteen separate offenses while incarcerated, including assaulting prison staff, possession of dangerous weapons, threatening bodily harm, and using methamphetamine. The district court appropriately considered this evidence in denying Mr. Camacho's request for a sentencing reduction. And in light of this extensive prison misconduct, the certificates Mr. Camacho received while incarcerated for completing classes in exercise, crochet, health, and parenting are irrelevant.

In summary, nothing in the district court's sound analysis could give us "a definite and firm conviction" that it "made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Dorrough*, 84 F.3d at 1311 (internal quotation marks omitted).

## III. CONCLUSION

Mr. Camacho has no meritorious grounds to appeal the district court's denial of his request to reduce his sentence under Amendment 782. We therefore grant counsel's

motion to withdraw and dismiss the appeal under *Anders v. California*, 386 U.S. 738
(1967).

Entered for the Court


Carolyn B. McHugh
Circuit Judge