FILED
United States Court of Appeals
Tenth Circuit

October 17, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GWAUN DIRON FRIERSON,

     Defendant - Appellant.

No. 16-6072
(D.C. No. 5:06-CR-00214-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

Gwaun Frierson appeals the district court's order reducing his prison sentence

from 200 months to 188 months.[1] Because the district court didn't abuse its

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Frierson filed his notice of appeal outside of Fed. R. App. P. 4(b)(1)(A)(i)'s 14-day time limit. But Rule 4(b)(1)(A) is a "non-jurisdictional claim-processing rule[]." *United States v. Garduno*, 506 F.3d 1287, 1288 (10th Cir. 2007). Thus, the timeliness of Frierson's notice is an issue that "may be forfeited if not properly raised by the government." *Id.* at 1291. Because the government expressly "decline[s] to seek dismissal of this appeal as untimely," Aplee. Br. 1 n.2, we exercise our discretion to hear it.

discretion in failing to further reduce Frierson's sentence, we affirm. *See United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012).

Frierson pled guilty in 2006 to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Based on a Guidelines range of 235–293 months, the district court initially imposed a 220-month sentence. But in 2012, the district court reduced Frierson's sentence to 200 months based on an amended Guidelines range of 188–235 months. *See* 18 U.S.C. § 3582(c)(2) (allowing court to reduce sentence based on sentencing range that has subsequently been lowered by Sentencing Commission). And in 2016, the district court further reduced Frierson's sentence to 188 months, this time based on an amended Guidelines range of 151–188 months. *See id.*

According to Frierson, the district court abused its discretion in reducing his sentence to 188 months, rather than to 160 months. Frierson argues that a 160-month sentence would be (1) "proportionate to the sentence [he] received in 2012," when the district court first reduced his sentence under § 3582(c)(2),[2] and (2) "long enough to satisfy" 18 U.S.C. § 3553. Aplt. Br. 5.

But Frierson cites no authority suggesting that when a district court reduces a defendant's sentence under § 3582(c)(2), it necessarily abuses its discretion unless it imposes a new sentence that is no higher, in relation to the top of the applicable Guidelines range, than was the defendant's previous sentence. And while Frierson

---

[2] Although he doesn't explicitly state as much, it appears that Frierson believes a 160-month sentence would be "proportionate" to his previous 200-month sentence because 160 months is 85.1% of 188 months, just as 200 months is 85.1% of 235 months.

2

asserts he "has taken significant steps in terms of obtaining the necessary education which will allow him to become a productive member of society," Aplt. Br. 5, he has also incurred a record of prison disciplinary infractions. Under these circumstances, the district court's decision to impose a 188-month prison sentence neither amounts to "a clear error of judgment" nor "exceed[s] the bounds of permissible choice." *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)). *See Osborn*, 679 F.3d at 1196 (holding that "presence of prison disciplinary reports on [defendant's] record" constituted "proper basis for denying" § 3582(c)(2) motion). Accordingly, we affirm.

Entered for the Court


Nancy L. Moritz
Circuit Judge

3