UNITED STATES of America,
Plaintiff-Appellee,

v.

Angelo PATTERSON, Defendant-
Appellant.

No. 16-6867

United States Court of Appeals,
Fourth Circuit.

Submitted: November 18, 2016

Decided: November 29, 2016

Angelo Patterson, Appellant Pro Se. Eleanor T. Morales, Assistant United States Attorney, Joshua Bryan Royster, Office of the United States Attorney, Raleigh, North Carolina, for Appellee.

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo Patterson appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). For the reasons that follow, we affirm.

We review a district court's decision not to reduce a sentence under § 3582(c)(2) for abuse of discretion and its subsidiary factual determinations for clear error. United States v. Mann, 709 F.3d 301, 304 (4th Cir. 2013). A court abuses its discretion if "it

acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." United States v. Briley, 770 F.3d 267, 276 (4th Cir. 2014) (internal quotation marks omitted).

A district court may reduce the sentence of a defendant who was sentenced to a term of imprisonment based on a Sentencing Guidelines range subsequently lowered by the Sentencing Commission. United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). Whether to reduce a sentence, and the extent to which a sentence should be reduced, are matters within the discretion of the district court. United States v. Smalls, 720 F.3d 193, 195 (4th Cir. 2013); see Dillon v. United States, 560 U.S. 817, 827, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). In deciding whether to grant a reduction, the district court must consider the applicable 18 U.S.C. § 3553(a) (2012) factors, as well as "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.1(B)(i), (ii) (2015). It also may consider the defendant's postsentencing conduct. Id. § 1B1.10 cmt. n.1(B)(iii).

Contrary to Patterson's arguments on appeal, the district court's order denying his motion demonstrated its consideration of the individual facts and circumstances of his case, including Patterson's postsentencing efforts at rehabilitation. The district court appropriately considered the nature and seriousness of Patterson's offense in determining whether a sentencing reduction was warranted. See 18 U.S.C. § 3553(a)(1), (2); USSG § 1B1.10 cmt. n.1(B); United States v. Osborn, 679 F.3d 1193, 1196 (10th Cir. 2012) (considering similar factors in upholding denial of sentence reduction). Further, given the avail-

able record, we conclude that the court committed no clear error in finding that a reduction in Patterson's sentence would pose a threat to public safety. See United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (defining clear error). Ultimately, in light of the "extremely broad discretion" enjoyed by a district court when weighing the § 3553(a) factors, see United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), we discern no abuse of discretion in the court's decision to deny Patterson a reduction.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED