FILED
United States Court of Appeals
Tenth Circuit

February 10, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

EDUARDO VERDUZCO,

     Defendant - Appellant.

No. 16-6326
(D.C. No. 5:03-CR-00241-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Eduardo Verduzco appeals the district court's denial of his motion for a

sentence reduction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Verduzco pled guilty to maintaining a place for the purpose of distributing

methamphetamine. He was sentenced to 240 months' imprisonment. Following the

passage of Guidelines Amendment 782, U.S.S.G. Manual, app. C, amend. 782,

Verduzco filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). The

district court concluded that Verduzco was eligible for a reduction but denied the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

motion based on his extensive disciplinary problems in prison. Verduzco now appeals.

"We review for an abuse of discretion a district court's decision to deny a reduction of a sentence under 18 U.S.C. § 3582(c)(2)." United States v. Osborn, 679 F.3d 1193, 1195 (10th Cir. 2012). A district court may modify the sentence of a defendant whose Guidelines range has been lowered by the Sentencing Commission "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). "[A]n ameliorative amendment to the Guidelines in no way creates a right to a sentence reduction." Osborn, 679 F.3d at 1196 (emphasis omitted).

We cannot say that the district court abused its discretion in denying Verduzco's motion for a sentence reduction. District courts may consider post-sentencing conduct in deciding whether to reduce a sentence. U.S.S.G. § 1B1.10, app. n.1(B)(iii). Accordingly, the court acted well within its discretion in looking to Verduzco's record of twenty-six disciplinary infractions during his incarceration, including multiple instances of assault, fighting, and possession of a dangerous weapon. See Osborn, 679 F.3d at 1196 (stating that "the presence of prison disciplinary reports on [a defendant's] record" is "a proper basis for denying a motion under § 3582(c)(2)").

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge