**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

JAMES EARL MERIDYTH,

     Defendant-Appellant.

No. 13-2230
(D.Ct. No. 2:00-CR-00557-LH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior
Circuit Judge.
_____

     After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

submitted without oral argument.

     A jury convicted Appellant James Earl Meridyth of one count of possession

with intent to distribute fifty grams or more of cocaine base (crack cocaine) in

---

     [*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); one count of conspiracy to distribute the same cocaine in violation of 21 U.S.C. § 846; and an additional count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  The district court sentenced him to 360 months imprisonment on the first two counts, to run concurrently with 240 months imprisonment on the latter count.  Thereafter, we affirmed his conviction.  *See United States v. Meridyth*, 364 F.3d 1181 (10th Cir. 2004).  Mr. Meridyth now appeals the district court's grant of his motion pursuant to 18 U.S.C. § 3582(c) and reduction of his sentence to 300 months imprisonment, arguing the district court abused its discretion by failing to reduce his sentence even further.  Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Factual and Procedural Background

Prior to the district court's sentencing Mr. Meridyth to 360 months imprisonment, a federal probation officer prepared a presentence report, calculating his sentencing range under the 2000 United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").  Based on a total offense level of 38, together with a criminal history category of VI, the Guidelines range was determined to be 360 months to life imprisonment.  The district court imposed a sentence at the low end of the Guidelines range to 360 months imprisonment.

On May 1, 2007, the United States Sentencing Commission issued Amendment 706 which modified the Drug Quantity Table in U.S.S.G. § 2D1.1(c)

-2-

downward two levels for crack cocaine, effective November 1, 2007, and retroactive as of March 3, 2008.[1] Two year later, Congress enacted the Fair Sentencing Act of 2010, which reduced the statutory mandatory minimum sentencing penalties for crack cocaine by significantly reducing the prior crack/powder ratio but which did not apply retroactively to defendants previously sentenced under the prior existing mandatory minimum sentencing statutes. *See* Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). *See also United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). The Act also directed the Sentencing Commission to revise the Guidelines to reflect a change in the crack/powder ratios. *See* Pub. L. 111-220, 124 Stat. 2372, 2374. Based on this directive, the Commission again reduced the Drug Quantity Table offense levels for crack cocaine through Amendment 750 to the Guidelines and, in another amendment, gave the reduction retroactive effect by amending Guidelines § 1B.10(c), which allows district courts to retroactively reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) for certain expressly-cited amendments.[2]

On July 28, 2011, Mr. Meridyth filed a motion pursuant to 18 U.S.C.

---

[1] *See* U.S.S.G. App. C, Amends. 706 (Reason for Amend.), 712, and 713; U.S.S.G. § 1B1.10(a)(2).

[2] U.S.S.G. Appendix C, Amendments 748, 750, and 759 amended U.S.S.G. §§ 1B1.10 and 2D1.1 and provided retroactive application of the lower crack cocaine drug offense levels when proceeding under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. App. C, Amends. 748, 750, and 759. *See also* Sentencing Commission's Sentencing Guidelines Notice, 76 FR 41332-01, 2011 WL 2689212, at *1 (July 13, 2011).

§ 3582(c)(2), seeking a reduction of sentence based on these amendments to the Guidelines. The government argued for no reduction based, in part, on his extensive criminal history. Following the parties' submissions and arguments, the district court granted Mr. Meridyth's motion, reducing his sentence to 300 months imprisonment. In so doing, it applied the amendments to the Guidelines, determining Mr. Meridyth's total offense level changed to 34, which, when combined with his criminal history category of V, resulted in a Guidelines range of 235 to 293 months imprisonment for two of the counts and 235 to 240 months for the other. However, it found he engaged in a pattern of criminal conduct his entire adult life, which included more than a few violent acts, and that he committed a number of disciplinary infractions since his incarceration, several of which also involved violence. Based on these circumstances, including Mr. Meridyth's extensive criminal history, characteristics, and behavior in prison, together with the need for his sentence to promote respect for the law, provide adequate deterrence, and protect the public, it determined a full reduction in his sentence would be inappropriate and, instead, re-sentenced him to 300 months imprisonment. In discussing Mr. Meridyth's sentence and the sentencing factors, it also noted he "is working closely with psychology services regarding his medication and self-improvement programming."

## II. Discussion

On appeal, Mr. Meridyth contends the district court abused its discretion by

sentencing him outside his amended Guidelines range to a higher sentence than calculated under the applicable amendments. He also claims it abused its discretion by not allowing him a "downward departure" based on his mental impairment, which he contends the district court acknowledged when it referenced the fact he is working closely with psychology services.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence if the requested reduction is based on "a sentencing range that has subsequently been lowered by the Sentencing Commission ...." 18 U.S.C. § 3582(c)(2). *See also Dillon v. United States*, 560 U.S. 817, 826 (2010). Mr. Meridyth received the instant reduction in his sentence through Amendments 706 and 750 to the Guidelines which changed the Drug Quantity Table and may be applied retroactively. *See United States v. Osborn*, 679 F.3d 1193, 1194-95 n.1 (10th Cir. 2012). We review for an abuse of discretion a district court's decision on a reduction of sentence under 18 U.S.C. § 3582(c)(2). *See id.* at 1195. In determining whether to apply such a reduction, the Supreme Court has held a court must follow a two-step approach by determining: 1) if the reduction is consistent with U.S.S.G. § 1B1.10; and 2) whether the authorized reduction is warranted, either in whole or in part, according to the 18 U.S.C. § 3553(a) sentencing factors. *See Dillon*, 560 U.S. at 826. This is in accord with 18 U.S.C. § 3582(c)(2), which states a district court may modify a sentence when a sentencing range has subsequently been lowered by the Sentencing Commission

but only *after considering the factors set forth in § 3553(a).  See Osborn*, 679

F.3d at 1195 (emphasis added).  As a result, in determining whether a reduction is

warranted, we have held a district court "shall consider" the § 3553(a) sentencing

factors, including the nature, seriousness, and circumstances of the offense, the

history and characteristics of the defendant, the need to protect the public from

further crimes of the defendant, and any threat to public safety.  *Id.* at 1195-96

(relying on § 1B1.10(a)(1) cmt. n.1(B) and 18 U.S.C. § 3553(a)).  The need for a

defendant to receive medical care and other treatment is also within the

sentencing factors in § 3553(a).  *See* 18 U.S.C. § 3553(a)(2)(D).  While not

mandatory, a district court may also consider a defendant's post-sentencing

conduct.  *Osborn,* 679 F.3d at 1195; U.S.S.G. § 1B1.10 cmt. n.1(B).  Given these

considerations, "an ameliorative amendment to the Guidelines in no way creates a

*right* to sentence reduction," and, instead, the district court has discretion to

determine what the extent of such reduction should be.  *Osborn*, 679 F.3d at

1196.[3]

    In this case, the district court determined a sentence reduction was

warranted by the amendments on crack cocaine and appropriately considered the

---

[3] We generally "review for an abuse of discretion a district court's decision
to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)," *Osborn*, 679 F.3d
at 1195, and we review the district court's interpretation of the Guidelines and
other legal issues de novo*, see United States v. Smartt*, 129 F.3d 539, 540 (10th
Cir. 1997).  We also construe Mr. Meridyth's filings liberally as he is proceeding
pro se.  *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

§ 3553(a) factors to determine the extent of such a reduction. These factors included Mr. Meridyth's extensive criminal history where he engaged in a pattern of criminal conduct his entire adult life, including certain violent acts; his characteristics and behavior in prison where he committed a number of disciplinary infractions, some of which were violent; and the need for his sentence to promote respect for the law, provide adequate deterrence, and protect the public. After considering these factors and the extent of the treatment he was receiving for his mental health, it determined a full reduction in his sentence would be inappropriate and only a reduction to a 300-month sentence was warranted.

This determination clearly falls within the district court's discretion, and our review of the record establishes no abuse of its discretion in the sentence imposed. As to the district court's statement regarding Mr. Meridyth working closely with psychology services regarding his medication and self-improvement programming, it merely shows it considered the § 3553(a) factor concerning his medical care and/or other treatment in considering the extent of the reduction in his sentence. *See* 18 U.S.C. § 3553(a)(2)(D). Finally, because a § 3582(c)(2) motion is not the proper vehicle for a motion for downward departure, Mr. Meridyth's newly-raised issue on his mental impairment and request for such a departure is meritless.

### III.  Conclusion

Accordingly, we **AFFIRM**.  All pending motions are **DENIED**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge