FILED
United States Court of Appeals
Tenth Circuit

December 20, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BRENT GALBREATH,

Defendant–Appellant.

No. 12-6163

(D.C. No. 5:05-CR-00044-HE-1)

(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(4); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Defendant Brent Galbreath appeals from the district court's partial grant of his 18

U.S.C. § 3582(c)(2) motion for a reduction in sentence. Although the district court

reduced his sentence from 292 months to 268 months, Defendant contends the court

should have further reduced his sentence to fall within the revised advisory guideline

range of 188 to 235 months. We review this decision for abuse of discretion. *See United*

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012).

In 2005, Defendant pled guilty to being a felon in possession of firearms. Because he possessed these firearms in connection with his possession of crack cocaine, his advisory sentencing range was calculated based on the higher offense level for the drug offense. The district court imposed a sentence of 292 months' imprisonment, at the bottom of this advisory range. Subsequently, in accordance with the Fair Sentencing Act of 2010, the Sentencing Commission revised several sections of the guidelines, including the provision under which Defendant's offense level was calculated. Based on these revisions, Defendant became eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and his amended guideline range was calculated to be 188 to 235 months' imprisonment. However, the district court concluded that only a limited reduction in Defendant's sentence was warranted in light of his "extensive criminal history, much of it violent and gang-related, coupled with the circumstances at his apprehension (including wrestling with the [Oklahoma Highway Patrol] officer, trying to gain control over the officer's gun, etc.)," which "made this case a particularly serious violation of [the felon-in-possession] statute warranting a substantial sentence, and one in excess of what would otherwise have been the Guideline range." (Doc. 67.) The district court thus "conclude[d] that, while some modification of defendant's sentence is warranted in light of the 2011 crack cocaine amendment, the circumstances warrant only [a] limited reduction . . . to a modified sentence of 268 months imprisonment." (*Id.*)

On appeal, Defendant contends this decision constituted an abuse of discretion for

several reasons: (1) it failed to give effect to the Fair Sentencing Act's intent to reduce sentences for crack cocaine offenders; (2) Defendant's criminal history and the circumstances of the offense, including his assault on the police officer, were accounted for under both the original and revised guidelines calculation; (3) nothing in the record suggests a compelling public safety issue warranting Defendant's incarceration in excess of the mandatory minimum required by Congress; and (4) the district court did not consider Defendant's post-conviction rehabilitation efforts, as reflected by the court's statement of reasons.

In reviewing the district court's decision for abuse of discretion, "we recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007). Defendant's arguments fail to persuade us the district court's decision fell outside the realm of rationally available choices supported by the facts and the law.

An ameliorative guidelines amendment that makes a defendant eligible for a reduced term of imprisonment "in no way creates a *right* to sentence reduction," *Osborn*, 679 F.3d at 1196, and the district court has the discretion to determine both whether a reduction is warranted and what the extent of such a reduction should be, *see* U.S.S.G. § 1B1.10, cmt. n.1(B). Nothing about the Fair Sentencing Act limits this discretion. *See Osborn*, 679 F.3d at 1196. While it is true that the guidelines calculation was based on

Defendant's level VI criminal history category and included a six-level increase for Defendant's assault on the officer, Defendant's violent criminal history and the nature and circumstances of the underlying offense remained "eminently proper considerations in a motion under § 3582(c)(2)." *Id.* Additionally, "under § 3553(a), the District Court was permitted to give further weight to a factor covered by a specific Guidelines provision." *United States v. Tomko*, 562 F.3d 558, 583 (3d Cir. 2009). Whether or not we would have given as much weight to these considerations if we were ruling on the motion in the first instance, we are not persuaded the district court's decision fell outside the realm of rationally available choices. The record provides ample support for the conclusion that the specific circumstances of the offense and Defendant's extensive criminal history, much of it violent and gang-related, gave rise to serious public safety concerns and warranted an above-guidelines sentence under § 3553(a). As for Defendant's post-conviction conduct, the commentary to the guidelines indicates that this factor, unlike the § 3553(a) factors and public safety considerations, is not a mandatory consideration in a § 3582 sentence reduction determination. *See* U.S.S.G. § 1B1.10, cmt. n.1(B). Moreover, even if this factor were mandatory, we are not persuaded it weighs so strongly in Defendant's favor that the district court's limited reduction constituted an abuse of discretion under the circumstances.

The district court appropriately considered the § 3553(a) factors and public safety considerations in determining whether and to what extent a reduction was warranted. The district court's determination that these factors warranted only a limited reduction to 268

months' imprisonment falls well within the court's discretion.  We accordingly **AFFIRM**

the reduction of Defendant's sentence to 268 months.

Entered for the Court


Monroe G. McKay
Circuit Judge