**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 14, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EFREM ZEMBLISH HARRIS,

Defendant - Appellant.

No. 20-5023
(D.C. No. 4:02-CR-00088-CVE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Mr. Efrem Zemblish Harris, a federal prisoner, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and § 404(c) of the First Step Act of 2018. The federal district court dismissed his motion for lack of jurisdiction, reasoning that the First Step Act prohibited relief because the

---

[*]     We conclude that oral argument would not materially help us in deciding the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). So we have decided the appeal based on the record and the parties' briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

court had already considered the merits and rejected two similar motions by Mr. Harris.

Mr. Harris appeals, arguing that the district court abused its discretion. We reject Mr. Harris's arguments because the district court had considered a similar motion and rejected it on the merits.

**1.    Our review is de novo.**

Motions for sentence reduction under the Fair Sentencing Act are typically reviewed for abuse of discretion. *See United States v. Boulding*, 960 F.3d 774, 784 (6th Cir. 2020); *United States v. Galbreath*, 506 F. App'x 736, 737 (10th Cir. 2012) (unpublished). But here the district court's dismissal for lack of jurisdiction was premised on statutory interpretation, so our review is de novo. *Ausmus v. Perdue*, 908 F.3d 1248, 1252 (10th Cir. 2018).

**2.    Mr. Harris has previously sought relief under § 404 of the First Step Act.**

The First Step Act prohibits courts from reviewing motions for sentence reduction "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5222 (2018).

Mr. Harris previously filed two motions for sentence reduction under 18 U.S.C. § 3582(c)(2). But Mr. Harris argues that he remains eligible

because he didn't base those motions on § 404 of the First Step Act. Appellant's Opening Br. at 10. We reject this argument.

Mr. Harris "based [his first motion] on Congress making the Fair Sentencing Act of 2010, to be applied retroactively to those that were sentenced before then and 18 U.S.C. § 3582(c)(2)." Dkt. #212 at 3; *see United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020) ("Section 404 of the First Step Act made Sections 2 and 3 of the Fair Sentencing Act retroactive for defendants who were sentenced before August 3, 2010."). So the district court evaluated Mr. Harris's first motion under the First Step Act. Dkt. #214 at 2. The same is true of Mr. Harris's second motion for a sentence reduction. Dkt. #215 at 1. So Mr. Harris based both prior motions on § 404 of the First Step Act.

**3.    The district court provided complete review of Mr. Harris's previous motions and denied them on the merits.**

Mr. Harris argues that his prior motions haven't received complete review on their merits. Appellant's Opening Br. at 9. We disagree, concluding that Mr. Harris's previous motions were denied on the merits.

The district court denied Mr. Harris's first motion after determining that Mr. Harris was ineligible for a sentence reduction because

- his sentence was not based on a sentencing range and

- his sentence was based on a conspiracy to distribute powder cocaine *and* cocaine base (rather than just cocaine base).

3

For both reasons, the district court concluded that Mr. Harris was not entitled to a reduction and denied his first motion for reconsideration. Dkt. #214 at 3. Mr. Harris's second motion was also denied on the merits. In denying the second motion, the district court cited the same reasons previously given when denying the first motion. S*ee* Dkt. #217, at 2. So both of the prior motions failed only after the district court had provided complete review on the merits.

Mr. Harris also argues that his prior motions should have been dismissed for lack of jurisdiction. Appellant's Opening Br. at 10–11. But this argument is procedurally barred because Mr. Harris could have raised this jurisdictional challenge in the prior proceedings. *See United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004) ("[A]s long as a party had an opportunity to litigate the jurisdictional issue, it is not subject to collateral attack on that basis."). Preclusion applies even if the prior judgment may have rested on an incorrect legal principle. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

This Court has also addressed a similar issue in the federal habeas corpus context. Habeas claims already presented in a prior application are barred as second or successive. 28 U.S.C. § 2244 (b)(1). In this context, a motion for relief from a judgment "is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boon*e, 464 F.3d 1213,

4

1215 (10th Cir. 2006). Similarly, Mr. Harris's third motion simply reasserts the same grounds for sentence reconsideration that he asserted in his prior motions.

**4. The district court properly dismissed the motion for lack of jurisdiction.**

The parties agree that the First Step Act expressly prohibits courts from reviewing motions for sentence reduction "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act, Pub. L. 115-391, 132 Stat. 5194, 5222 (2018). Mr. Harris filed two prior motions under § 404 of the First Step Act. Each was "denied after a complete review of the motion on the merits." *Id.* So the district court correctly dismissed Mr. Harris's motion for lack of jurisdiction.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5